# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | |
|---|---|
| CHRISTOPHER V. MORRIS, | § |
| *Plaintiff*, | § |
| v. | § Civil Action No. SA-09-CV-832-XR |
| B.C. OLYMPIAKOS SFP, | § |
| *Defendant*. | § |

## ORDER

On this date, the Court considered Gary W. Ebert's application for a temporary restraining order pursuant to Rule 65(b) of the Federal Rules of Civil Procedure. He also requests that the Court issue a writ of garnishment. Having considered the applications, the motions are hereby DENIED.

## Background

Gary W. Ebert brings this application for a temporary restraining order against Defendant B.C. Olympiakos SFP. In his application against the Defendant, Ebert essentially seeks relief against B.C. Olympiakos SFP through its officers, Panayiotis C. Angelopoulos, President of the company, and Christos Stavropoulos, General Manager of the company.

Christopher V. Morris sued Defendant for breach of contract and obtained a Default Judgment in the sum of $910,000, with a post-judgment interest at a rate of 2.03% per annum. Morris assigned any right of recovery to enforce the judgment to Gary W. Ebert.

Mr. Ebert declares that "the contract forming the basis of the complaint in this case was not fully secured by real or personal property and/or the value of the original security is substantially diminished . . . below the amount of the debt." (Pl.'s Emergency Mot. & Mem. for T.R.O. (Oct. 9, 2009).) He states that he believes Messrs. Angelopoulos and Stavropoulos "have possession of

property in which the debtor has a substantial non exempt interest." (*Id.*) Mr. Ebert asks the Court to restrain the individuals from leaving the United States and diminishing the property of Defendant until it discharges the debts allegedly owed to Ebert.¹ (*Id.* at 6–7.) He also asks the Court to issue a writ of garnishment against the parties.² (Pl.'s Emergency Application & Mem. for Order for Issuance of Writ of Garnishment (Oct. 9, 2009).

## Analysis

The Federal Rules of Civil Procedure give a court the discretion to issue a temporary restraining order "only if specific facts in an affidavit or verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant . . . and the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." FED. R. CIV. P. 65(b). The Fifth Circuit Court of Appeals has repeatedly outlined the standards that a district court is to consider when deciding whether to grant preliminary injunctive relief:

> (1) a substantial likelihood of success on the merits, (2) a substantial threat of irreparable injury if the injunction is not issued, (3) that the threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted, and (4) that the grant of an injunction will not disserve the public interest.

*Palmer ex rel. Palmer v. Waxahachie Indep. Sch. Dist.*, __ F.3d __, 2009 WL 2461889, at *2 (5th Cir. Aug. 13, 2009) (quoting *Byrum v. Landreth*, 566 F.3d 442, 445 (5th Cir.2009)).

---

¹Evidently, Defendant's basketball team, Olympiakos, is playing the NBA San Antonio Spurs tonight in an exhibition game. Ebert requests that the Court take the passports of these two Greek nationals. It is uncertain to the Court what property Mr. Ebert wishes to have enjoined from being diminished.

²The Court is again uncertain what property Mr. Ebert wishes to have garnished. He makes a brief reference to the individuals' airline tickets and a vague reference to "monies."

Even if Plaintiff has a substantial likelihood of success on the merits, the evidence and affidavits provided to the Court fail to demonstrate a substantial threat of irreparable injury if the injunction is not issued. Mr. Ebert infers that "there is danger that the property sought to be attached will be: i. [c]oncealed[;] ii. [s]ubstantially impaired in value[; or] iii. made unavailable to levy by other than concealment or impairment in value." (Pl.'s Aff. ¶ 13 (Oct. 9, 2009).) Mr. Ebert's affidavit does not provide any first-hand knowledge of his allegations, he does not provide the affidavit of any person with first-hand knowledge of the allegations, nor does he provide evidence to support the allegations. Mr. Ebert merely states that he "is reasonably informed and believe[s]" the allegations. (*Id.*) Consequently, the Court is unable to find, given the available information, that the movant will suffer irreparable injury. That being the case, the Court is likewise unable to determine if there is any harm by refusing to issue a temporary restraining order. Movant asks this Court to take the extreme measure of restraining a person's travel in relation to a civil matter with no evidence of an imminent irreparable injury. The issuance of a temporary restraining order under these circumstances would disserve the public interest.

**Conclusion**

There being no evidence of an irreparable injury, no evidence of a threatened injury, and in light of the public interest, the Court hereby DENIES Movant's application for a temporary restraining order and request for a writ of garnishment.

It is so ORDERED.

SIGNED this 9th day of October, 2009.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE